**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TOMMIE LEE HARRIS; LOUISE HARRIS; JEFFREY HARRIS; and DONNA HARRIS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 07 C 3552 |
| OSI FINANCIAL SERVICES, INC.; MARK S. DIAMOND; TERRY DIAMOND; UNITED CONSTRUCTION OF AMERICA, INC.; PERFORMANCE CREDIT CORPORATION, f/k/a ENCORE CREDIT CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; HSBC BANK, USA, as Trustee for FRIEDMAN, BILLINGS, RAMSEY GROUP, INC. FBRSI 2005-2; CHASE HOME FINANCE, LLC; DOES 1-10; LAWYERS'S TITLE INSURANCE CORPORATION; and THE BANK OF NEW YORK, as Trustee, under the Pooling and Servicing Agreement dated July 1, 2004, CWABS Asset-Backed Certificates, Series 2004-ECC2, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Der-Yeghiayan<br><br>Magistrate Judge Schenkier |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiffs respectfully move this Court for entry of an Order of final judgment setting forth (1) a finding as to the amounts for the Truth in Lending Act ("TILA") rescission calculation and statutory damages and (2) the time-table for the implementation of rescission. The text of a proposed Order is set forth in the attached Exhibit A. In support of their motion, plaintiffs state as follows:

       1.    On January 29, 2009, this Court granted plaintiffs' motion for summary judgment on Count I against defendants Encore Credit Corp., n/k/a Performance Credit Corporation ("Encore") and HSBC Bank, USA, as Trustee for Friedman, Billings, Ramsey

1

Group, Inc. ("HSBC"). Harris v. OSI Financial Services, Inc., 595 F. Supp.2d 885, 898 (N.D. Ill.)(a copy of the Court's Memorandum Opinion is attached as Exhibit B). The Court held that Encore violated TILA in the June 30, 2004 credit transaction ("2004 loan") by providing plaintiffs with the FRB Model Rescission form H-9 when form H-8 was required and that Encore violated TILA in the January 7, 2005 credit transaction ("2005 loan") by providing plaintiffs with FRB Model Rescission form H-8 when the H-9 was required. Id. at 892, 894. Encore was the original creditor in both transactions. Id. at 893. HSBC is the current assignee of the 2005 loan.

  2. As remedies for the underlying TILA violations, the Court held that plaintiffs are entitled to rescind the 2004 transaction as to Encore and to rescind the 2005 transaction as to Encore and HSBC. Id. at 896. In addition, the Court found that neither Encore nor HSBC complied with plaintiffs' original demands to rescind the loans, so that Encore is also liable to plaintiffs for statutory damages for refusal to rescind the 2004 and the 2005 loans, while HSBC is liable for statutory damages for refusal to rescind the 2005 transaction. Id.

  3. The formula for a TILA rescission is set forth in the Act, Regulation Z, and the Official FRB Staff Commentary, and is refined in case law. Under a TILA rescission, plaintiffs are entitled to a refund of all sums they paid in connection with the transaction, defined as "any finance or other charge," 15 U.S.C. § 1635(b); "the consumer shall not be liable for any amount, including any finance charge," and "the creditor shall return any money or property that has been given to anyone in connection with the transaction," 15 U.S.C. § 226.15(d)(2); and "any amounts of this nature already paid by the consumer must be refunded." Commentary, 12 C.F.R § 226, Supp. I, para. 15(d)(2). In addition, "'any amount' includes finance charges already accrued," such as accrued but unpaid interest on any payment arrearage. Id. Further, "[i]t is

irrelevant that these amounts may not represent profit to the creditor." Id. Thus, the formula for a TILA rescission includes late fees and all other fees charged and paid on the account. For an example of the proper application of the TILA rescission formula, the case of Semar v. Platte Valley Federal Savings & Loan Assoc., 791 F.2d 699, 703-706 (9th Cir., 1986) is seminal. See also, Mayfield v. Vanguard Savings & Loan Ass'n, 710 F. Supp. 143, 148 (E.D.Pa. 1989).

    4. In the Seventh Circuit, plaintiffs may rescind the 2004 transaction, even though the mortgage was released when that loan was paid off in January, 2005 (from the proceeds of the 2005 loan). Handy v. Anchor Mortgage Corp., 464 F. Supp. 3d 760, 765-66 (7th Cir. 2006). Accordingly, plaintiffs are entitled to the return of all finance charges they paid in connection with the 2004 loan. According to the Countrywide payment history contained in Bank of New York's loan file (and attached in Exhibit D), plaintiffs made **$9,566.90** in interest payments for the months of October, November and December, 2004, and the partial month of January, 2005 (the loan was paid off on January 14, 2005, following the January 7, 2005, refinance). For the moment, there is no payment record covering the period prior to October, 2004. However, according to the TILA Disclosure Statement for the 2004 loan (Exhibit C), plaintiffs' first principal and interest payment would have been for September, 2004, and the interest portion of that payment, like the subsequent payments, would have been **$2,163.64.** Plaintiffs have requested the complete servicing history for the 2004 loan for June, 2004 – October, 2004, the period when the loan was serviced by Homeq Servicing.[1] According to the

---

[1] On June 18, 2009, plaintiffs' counsel notified the Court of the existence of two, small gaps in the documentation of the payment histories for the two loans. The first gap is September – October, 2004, and the second is March – June, 2005. Plaintiffs' counsel informed the Court that the plaintiffs no longer have their own payment records for these periods and that the entities that briefly serviced the loans at those times are not parties to this action. The Court indicated that plaintiffs should attempt to obtain the payment histories by agreement but that, if necessary, the

HUD-1 Settlement Statement for the loan (attached as <u>Exhibit E</u>), plaintiffs paid a total of **$19,493.18** in settlement charges upon disbursement of the proceeds for the 2004 loan (i.e., the sum of lines 801, 803, 805-808, 9011101, 1108, 1112-1113, 1201 and 1204-1205). The sum of these figures, **$31,223.72**, is the total amount that Encore is now required to refund to plaintiffs for rescission of the 2004 loan.

5. When a same-creditor refinancing occurs, the right of rescission is limited to the new amount of credit advanced. <u>Harris v. OSI Financial Services, Inc.</u>, 595 F. Supp. at 890. The amount of credit advanced by Encore in the 2004 transaction was $354,000. Id. at 887. The amount of credit advanced by Encore in the 2005 transaction was $500,000. Id. at 888. Thus, the amount that plaintiffs may now rescind pursuant to the Court's ruling on summary judgment is limited to the new credit advanced in the 2005 transaction, or $146,000.

6. According to the Chase loan servicing history for the 2005 loan provided by defendants (attached as <u>Exhibit G</u>), plaintiffs have paid a total of **$70,066.25** in principal, interest and fees in connection with that loan and during the period June, 2005 – present (plaintiffs stopped making payments after June, 2007). For the moment, there is no payment record covering the period prior to late June, 2005. However, according to the TILA Disclosure Statement for the 2005 loan (<u>Exhibit F</u>), plaintiffs would have made interest only payments for March, April and May, 2004, each in the amount of $2,725.00 – for a total of **$8,175.00**. Plaintiffs have requested the complete servicing history for the 2005 loan for January, 2005 – late June, 2005, the period when the loan was serviced by Option One Mortgage Services, Inc.,

---

Court would entertain a motion for leave to serve subpoenas for the records. Also on June 18, 2009, plaintiffs' counsel requested the records from the usual Chicago counsel for Homeq Servicing and Option Mortgage Servicing, Inc. Once the records are provided or obtained through subpoena, plaintiffs' counsel will supplement this motion by presenting the precise payment figures for the two gaps attaching the records themselves.

and will supplement this motion with the presentation of those records. According to the HUD-1 Settlement Statement for the loan (attached as Exhibit H), plaintiffs paid a total of **$4,007.60** in settlement charges upon disbursement of the proceeds for the loan (i.e., the sum of lines 803, 805-808, 901, 1101, 1105, 1108, 112-1114, 1201 and 1204). The sum of these figures, **$82,246.85**, is the total amount plaintiffs have paid in connection with the 2005 transaction.

7. The 2005 loan is still outstanding and has yet not been paid off. Subtraction of the amount plaintiffs have already paid in connection with the 2005 loan from the original principal amount of the loan, or $500,000, yields plaintiffs' tender amount. Plaintiffs are required to tender **$417,753.15** to HSBC, the current assignee of the obligation, in order to satisfy their obligation to return "the money or property the creditor has already delivered to the consumer." 12 C.F.R. § 226, Supp. I, para. 15(d)(3). In other words, this is the "payoff" amount, or non-rescindable balance of the original principal amount of the loan that plaintiffs must now repay to HSBC (or to its servicer-agent, Chase), the current assignee.

8. On March 27, 2009 and as updated on May 5, 2009, plaintiffs were approved by Neighborhood Lending Services of Chicago, Inc. ("NLS"), for refinancing in the total amount of $350,500.00, which, along with the amount of total cash damages plaintiffs anticipate from defendants ($43,223.72) and the amount of their own savings, will be sufficient to cover their tender obligation to HSBC. Plaintiffs have a firm mortgage commitment for refinancing from NLS (attached as Exhibit I). NLS and plaintiffs are prepared to close on the refinancing transaction and pay off the remaining obligation to HSBC as soon as this Court enters an Order of final judgment establishing the rescission amount, ordering payment of damages and setting forth plaintiffs' tender amount.

9. In addition to rescission, plaintiffs are entitled to $4,000 from Encore in statutory damages for its refusal to rescind the 2004 transaction and $4,000 in statutory damages from Encore and HSBC each for their separate refusals to rescind the 2005 transaction. 15 U.S.C. § 1640(a); Harris v. OSI Financial Services, Inc., 595 F. Supp. at 896. The amount of damages for any violation under 1640(a)(4) is a maximum of $4,000 per violation. (The statute was recently amended to change the statutory damages cap from $2,000 to $4,000.)

10. In this case, plaintiffs had to expend inordinate time and resources to enforce rights of rescission that stemmed from simple TILA violations on which Seventh Circuit law was already settled and clear. Handy v. Anchor Mortg. Corp., 464 F. 3d at 763; Harris v. OSI Financial Services, Inc., 595 F. Supp. 2d at 892. It is important that the Court award a significant sum of statutory damages for defendants' refusal to rescind because this will create some incentive for a creditor to rescind a mortgage when faced with a valid request, instead of always forcing the consumer to resort to the courts. Belini v. Washington Mutual Bank, 412 F. 3d 17 (1st Cir. 2005). Otherwise, creditors have no deterrent from routinely acting in bad faith to deny valid requests to rescind. Thus, the Court should award the maximum of $4,000 per violation for a total of **$12,000** in statutory damages. These amounts should be set forth as separate cash payments in the Order of final judgment and should be required to be paid before plaintiffs' closing on their refinance transaction, so that plaintiffs can use the funds to further reduce the amount they must borrower on order to pay off HSBC.

11. As the final step of rescission, once plaintiffs have paid off the remaining principal balance to HSBC, within seven days thereafter HSBC should record the release of mortgage on plaintiffs' property.

12. Once defendants have had the opportunity to review the calculations presented in this motion, plaintiffs will attempt to seek defendants' agreement with respect to the final rescission and statutory damages calculations – in order to save the Court the time and trouble of culling through tedious payment histories – and with respect to the language of the proposed Order of judgment.

13. Plaintiffs agree to dismiss all remaining counts as to all defendants and request that the Order of judgment effectuate and reflect this dismissal.

14. As required by the Court, simultaneously with the filing of this motion plaintiffs' counsel is filing a separate motion for attorney's fees and costs.

WHEREFORE, plaintiffs respectfully request that this Court enter the Order of final judgment attached hereto in <u>Exhibit A</u> and grant any other or further relief that the Court deems just.

                                        Respectfully submitted,

                                        <u>Al Hofeld, Jr.</u>
                                        Al Hofeld, Jr.

Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
and the Social Justice Project, Inc.
208 S. LaSalle Street, #1650
Chicago, Illinois 60604
(312) 345-1004
(312) 346-3242 (FAX)
al@alhofeld.com

**NOTICE OF FILING AND CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

      I, Al Hofeld, Jr., attorney for plaintiffs, hereby certify that on June 19, 2009, filing and service of the foregoing ***Plaintiffs' Motion for Entry of Final Judgment,*** was accomplished pursuant to ECF as to Filing Users, and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                                  s/Al Hofeld, Jr.
                                                  Al Hofeld, Jr.